**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AURA MARINA VELASQUEZ REYES, | No. 21-70287 |
| Petitioner, | Agency No. A209-875-492 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2024**
University of Hawaii, Manoa

Before: PAEZ, M. SMITH, and KOH, Circuit Judges.

Aura Marina Velasquez Reyes ("Velasquez Reyes"), a native and citizen of

Guatemala, petitions for review of an order of the Board of Immigration Appeals

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("BIA") denying her application for asylum and withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1) and review for substantial evidence the agency's adverse credibility determination. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). Under this "highly deferential standard," "administrative findings [are] conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Garland v. Ming Dai*, 593 U.S. 357, 365 (2021) (internal quotation marks omitted) (first quoting *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692, (2020); then quoting 8 U.S.C. § 1252(b)(4)(B)). We deny the petition for review.

The BIA affirmed the immigration judge's (IJ) determination that Velasquez Reyes failed to timely file her asylum application and failed to establish eligibility for withholding of removal because she was not credible. Because the adverse credibility finding is dispositive of Velasquez Reyes's asylum and withholding of removal claims, we need not address Velasquez Reyes's challenges regarding the timeliness of her asylum claim.[2]

Substantial evidence supports the agency's adverse credibility finding. The record supports the agency's conclusion that (1) Velasquez Reyes testified

---

[1] The BIA concluded that Velasquez Reyes waived her claim for relief under the Convention Against Torture. Velasquez Reyes does not challenge this conclusion in her opening brief. Thus, Velasquez Reyes has waived any challenge to this claim. *See Alanniz v. Barr*, 924 F.3d 1061, 1068–69 (9th Cir. 2019).

[2] Because we do not reach Velasquez Reyes's asylum arguments, we deny her motion to supplement the record (Dkt. 34) as moot.

inconsistently and made material omissions and (2) failed to corroborate her claims.

1.      The agency based its adverse credibility determination on inconsistencies between Velasquez Reyes's statements during her border interview, credible fear interview, and hearing testimony. Most notably, Velasquez Reyes initially identified one basis for her asylum claim at her border and credible fear interview, but later presented a second basis for her claim in her asylum application and testimony. The agency found that these inconsistencies and omissions undermined Velazquez Reyes's credibility. The agency did not accept Velasquez Reyes's explanations for the inconsistencies and omissions. None of Velasquez Reyes's challenges to the adverse credibility finding compel a decision contrary to that of the agency. *See Ming Dai*, 593 U.S. at 369.

2.      Although Velasquez Reyes provided evidence to corroborate her claim, the agency permissibly concluded that the totality of the circumstances indicated that she was not credible. In sum, the agency's decision is supported by substantial evidence.[3]

**PETITION FOR REVIEW DENIED.**

---

[3]  We do not reach Velasquez's arguments with regard to the IJ's application of *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018), *vacated by Matter of A-B-*, 28 I. & N. Dec. 307 (A.G. 2021), because the adverse credibility determination is dispositive.